### POLSTEIN v. MILLER.

(Supreme Court, Appellate Term.   December 21, 1905.)

CONTRACTS—ACTIONS—MEASURE OF RECOVERY.

    Where defendant prevented plaintiff from completing under a contract work on a certain building, and only three-fourths thereof was finished, a judgment in an action to recover on the contract, based on the contract price for the work, there being no proof of the reasonable value of the labor performed or omitted, or of prospective profits lost, was unwarranted.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Louis Polstein against Max Miller. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF, and MacLEAN, JJ.

Henry Kuntz, for appellant.

Feltenstein & Rosenstein, for respondent.

BISCHOFF, J. The plaintiff's claim for $4,316, which the judgment awards him in full, was made up of an item of $16, the balance due for work upon a building at 124th street, and an item of $300, the agreed price for a gross amount of work to be done upon another building on Sixtieth street. It appeared that the defendant had prevented complete performance of the work upon the latter building under the contract, and the plaintiff's testimony left no doubt of the fact that he had not fully performed the work; indeed, he stated that he had finished only three-quarters of it, while leaving materials sufficient upon the premises to finish it. There was no proof of the reasonable value of the work done or omitted, nor of prospective profits lost; and the recovery of $300 is based, apparently, on nothing other than the contract price for the work. This contract, however, which stated only a gross price for completed work, was no measure of the value of the partial work done, and a recovery of the full price was thus, to some indeterminable degree, excessive and unwarranted by the proof. Rosenbloom v. Maas (App. term; November 3, 1905) 95 N. Y. Supp. 95.

There must be a new trial of the cause.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.